IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
HUSSEIN FARAJI,                                        : CASE NO.  1:04 CV 1493
                                                       :
                                           Plaintiff   :
                                                       :
                        -vs-                           :
                                                       : MEMORANDUM AND ORDER
                                                       : GRANTING IN PART, AND DENYING
FIRSTENERGY CORP.,                                     : IN PART, DEFENDANT
                                                       : FIRSTENERGY'S MOTION FOR
                                          Defendant.   : SUMMARY JUDGMENT
------------------------------------------------------ :


UNITED STATES DISTRICT JUDGE LESLEY WELLS

        Before the Court is defendant FirstEnergy Corporation's ("FirstEnergy") Motion

for Summary Judgment on each of plaintiff Hussein Faraji's ("Mr. Faraji") claims of

employment discrimination. (Docket 26).  Mr. Faraji has filed a responsive brief with the

Court (Docket 28), to which FirstEnergy has replied (Docket 29).  The Court also takes

notice of Mr. Faraji's memorandum of additional authority.  (Docket 31).

        For the reasons discussed below, the Court will grant FirstEnergy's Motion for

Summary Judgment on Mr. Faraji's claims pursuant to the Americans with Disabilities

Act and Title VII.  However, the Court will deny FirstEnergy's Motion for Summary

Judgment on Mr. Faraji's claim pursuant to the Age Discrimination in Employment Act.

## I.    BACKGROUND

Cleveland Electric Illuminating Company ("CEI") hired Plaintiff Mr. Hussein Faraji, a 54 year old male of Iranian descent, in 1978.  Mr. Faraji was continuously employed at CEI until his termination in January 1998.  (See Deposition transcript of Mr. Faraji at pg. 22).  At that time Mr. Faraji worked as an engineer/technologist at FirstEnergy's Eastlake power generating station.  (Faraji Dep., at pp. 19, 23-24).  Of the eight employees working in Mr. Faraji's department, three, including Mr. Faraji, were terminated.  Mr. Faraji was terminated as part of a reduction-in-force ("RIF") resulting from the merger of Ohio Edison Company with Centerior Electric Corporation and CEI, which led to the creation of FirstEnergy.  (Faraji Dep., at p. 28-30).

To facilitate the RIF, FirstEnergy developed an Assessment Plan to evaluate the qualifications of all employees potentially subject to termination.  Mr. Faraji received a low score under the Assessment Plan and was terminated.  Mr. Faraji alleges that, as applied by FirstEnergy, the plan was discriminatory in its rankings of employees.

Following his notification of inclusion within the RIF, Mr. Faraji attended an exit interview, during which time he received a severance package.  The severance package included an Agreement to Release in Full ("Release").  The Release offered Mr. Faraji money in exchange for his agreement to waive his rights to sue FirstEnergy. (Faraji Dep., at p. 57).  The Release provided Mr. Faraji  45 days to review the package and seven days to revoke the Release once he had signed.  Mr. Faraji signed the release within a week of receiving it.  (Faraji Dep. at p. 68).  He was notified of his right to consult an attorney about the Release but chose not to do so. (Faraji Dep. At pp. 67-68)

2

Mr. Faraji testified he read the Release and understood these aspects.  (Faraji Dep., at pp. 63-64, 68, 70-71).  Mr. Faraji signed the Release and, in return, he received the sum of $30,110.00 in severance. (Faraji Dep., at 70).

Mr. Faraji, subsequently, filed a charge of discrimination against FirstEnergy with the  EEOC.  (Faraji Dep., p. 71-72)  The EEOC, on behalf of Mr. Faraji and others, initiated an action against FirstEnergy, challenging a provision in the Release that the agency construed to bar the releasors from filing such a charge.  (Docket 26, Exh. 1); see EEOC v. FirstEnergy, Case No. 98 MC 19 (J. Nugent).

In that matter, the Court held the Release valid but clarified it in such a way that certain provisions would not be enforced.  The Court's order provided that the Release would not be used to bar a claimant from filing an administrative charge of discrimination, and that such a claimant would not have to repay severance benefits upon filing an EEOC charge.  Following that case, the EEOC decided not to pursue further litigation against FirstEnergy and issued Mr. Faraji a Right to Sue notice in the Fall of 2004.  Mr. Faraji then initiated the present suit.

Mr. Faraji brings three causes of action against FirstEnergy alleging violations of: (1) Section 4(a)(1) of 29 U.S.C. § 623(a)(1) of the Age Discrimination in Employment Act ("ADEA") (See Faraji Complaint at p. 5); (2) The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 (See Faraji Complaint at p.7); as well as (3) Sections 703(a)(1) and 703(m) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), discrimination under Title VII based upon National Origin (See Faraji Complaint at pp. 6-7).

3

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. At 323; see also Boretti v. Wiscomb, 930 F. 2d 1150, 1156 (6th Cir.1991) (moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial" quoting Gutierriez v. Lynch, 826 F 2d. 1534, 1536 (6th Cir.1991). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56 (e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F. 3d 1241, 1245 (6th Cir.1995). Read together, Anderson and Celotex stand for the proposition that a party may move for summary judgment by demonstrating the opposing party will not be able to produce sufficient

4

evidence at trial to withstand a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. Street v. Bradford &Co., 886 F.2d 1472, 1478 (6th Cir. 1989).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Michigan Protection and Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir. 1994) (marking as standard that the plaintiff must present "more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff"). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex , 477 U.S. at 324. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(e). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).

### III. LAW AND ANALYSIS

The central question at issue is whether the Release signed by Mr. Faraji is valid and, therefore, bars his discrimination claims. The defendant maintains the

5

Release is valid and binding, prohibiting Mr. Faraji from pursuing any claims against FirstEnergy.  Mr. Faraji contends the Release is invalid as it violates requirements set forth in the Older Workers Benefit Protection Act (hereinafter "OWBPA"), 29 U.S.C. § 626.

In determining the validity of such a release, the Sixth Circuit applies ordinary contract principles.  Shaheen v. B.F. Goodrich Co., 873 F.2d 105, 107 (6th  Cir. 1989), and Adams v. Philip Morris, Inc., 67 F.3d 580, 583 (6th Cir. 1995).  The following factors are considered when determining if the Release was knowingly and voluntarily signed:

> (1) Plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had  an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances.

Adams, 67 F.3d, at 583.

Mr. Faraji is an engineer with substantial experience. (Faraji Dep., at 19).  He was provided 45 days to consider the Release, and was given the right to revoke for seven days once he had signed the necessary documents. (Faraji Dep., Ex. 4). The terms of the Release advised Mr. Faraji of his right to consult an attorney before signing.  (Faraji Dep., Ex. 4).  Mr. Faraji testified that he chose not to consult an attorney. (Faraji Dep., at 63).  Mr. Faraji testified that he read and understood the Release, and understood that by signing the Release and receiving severance pay he would be giving up his right to sue FirstEnergy.  (Faraji Dep., at 70-71). Application of these factors to the instant case evidence a valid waiver and bar to

6

Mr. Faraji's claims under both the ADA and Title VII.  Accordingly, the Court will

dismiss Mr. Faraji's ADA and Title VII claims against FirstEnergy.

Courts must apply a more specific test to determine the validity of an ADEA

claim.  The ADEA, as amended by OWBPA, sets out specific factors considered to

determine whether a release of ADEA claims was knowing and voluntary and

therefore valid.  See 29 U.S.C. § 626.  Mr. Faraji urges that FirstEnergy failed to

adhere to the requirements of 29 U.S.C. § 626 (f)(1)(H), which necessitates, in

pertinent part:

> **(f) Waiver**
> (1) An individual may not waive any right or claim under this chapter
> unless the waiver is knowing and voluntary. Except as provided in
> paragraph (2), a waiver may not be considered knowing and voluntary
> unless at a minimum--
> ....
>
> (H) if a waiver is requested in connection with an exit incentive or
> other employment termination program offered to a group or class of
> employees, the employer (at the commencement of the period
> specified in subparagraph (F)) informs the individual in writing in a
> manner calculated to be understood by the average individual eligible
> to participate, as to--
>> (i) any class, unit, or group of individuals covered by
>> such program, any eligibility factors for such program,
>> and any time limits applicable to such program; and
>>
>> (ii) the job titles and ages of all individuals eligible or
>> selected for the program, and the ages of all individuals
>> in the same job classification or organizational unit who
>> are not eligible or selected for the program.

The language of the OWBPA is mandatory and a valid waiver of ADEA

claims cannot be created without it.  The United States Supreme Court held the

OWBPA requirements mandatory in Oubre v. Entergy Operations, Inc., 522 U.S.

422 (1998): "[t]he statutory command is clear: an employee 'may not waive' an

7

ADEA claim unless the waiver or release satisfies the OWBPA's requirements ...

Congress delineated these rules with precision and without qualification: an

employee 'may not waive' an ADEA claim unless the employer complies with the

statute."  Id. At 426-427.  See Also Howlett v. Holiday Inns, Inc.,  120 F.3d 598 (6th

Cir. 1997) (holding a release of claims invalid because the straightforward language

of § 626(f) provided that an individual could not waive ADEA claims unless the

OWBPA requirements were met.)

 Whether Mr. Faraji received the necessary list of employees containing job

titles and age information before signing the Release is disputed.  In this instance,

the dispute  centers on whether FirstEnergy met the requirement of section

626(f)(1(H)(ii).  In his affidavit, Mr. Faraji maintains that he clearly did not receive

the required list of employees (Aff. ¶¶ 6, 7), while in his deposition testimony, which

preceded his affidavit, he is equivocal:

> Q. Is it fair to say that this [list of employees] may in your recall, this may
> have been a part of the package you reviewed after the severance
> meeting you had?
>
> A. It may have, yes.
>
> (Faraji Depo. p. 61; See also Depo. pp. 57-61).

 In response, FirstEnergy submits the affidavit of the Director of Human

Resources for the Northern Region at FirstEnergy, Patricia Hull, who swears that

every package of information provided to individuals who lost their jobs contained

two listings: "Merger Affected Reorganization Remaining Employees;" and, "Merger

Affected Reorganization Separated Employees."  (Hull Aff. ¶¶ 4, 5).

The Court finds the tenor and testimony of Mr. Faraji's affidavit irreconcilable with his deposition testimony.  When deposed on the issue, Mr. Faraji does not mention seeing the document at the EEOC, which is the core of his affidavit testimony.  When deposed, Mr. Faraji testifies that he may have seen the document as part of his package, while he swears by affidavit the "document was not in the packet."  In the Sixth Circuit, "[a] party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts his earlier deposition testimony."  Peck v. Bridgeport Machines, Inc., 237 F.3d 614, 619 (6th Cir. 2001), quoting Reid v. Sears, Roebuck and Co., 790 f.2d 453, 460 (6th Cir. 1986).  Accordingly, the Court does not find a material issue of fact in dispute over whether Mr. Faraji received the statutorily required list of employees.

This finding, however, does not end the inquiry, as it is undisputed that FirstEnergy failed to provide the "eligibility factors" used to determine individuals to be chosen for the RIF.  See 29 U.S.C. § 626 (f)(1)(H)(i).   Mr. Faraji sought to obtain, through interrogatories, the process by which he was selected for termination.  Yet, FirstEnergy refused to provide this information asserting it was not relevant to determining the validity of the Release. (Docket 32).  Such information is both relevant and required for release to the employee prior to signing a waiver of claims.  Kruchowski v. Weyerhaeuser Co., 446 F.3d 1090, 1095 (10th Cir. 2006) (finding plaintiffs did not waive their right to pursue claims under the ADEA where the employer failed to inform the terminated employees of the "decisional unit," pursuant to 29 U.S.C.  § 626(f)(1)(H)(i), at the time they considered whether to waive any ADEA claims).

9

An employer's responsibility to provide information regarding "eligibility factors" and job titles and ages are two separate requirements. See 29 U.S.C. § 626(f)(1)(H)(i) & (ii).  FirstEnergy, a large company that should have been familiar with the OWBPA requirements, simply did not provide Mr. Faraji with the required "eligibility factors." FirstEnergy's failure to provide information about "eligibility factors" resulted in a failure to comply with the OWBPA's information requirement. See Bull HN Info. Sys., Inc., 143 F.Supp.2d at 147 at n. 29 (finding the intent of the statute's information requirement concerning "eligibility factors" is to alert affected employees to potential age-discrimination claims and, as such, refer to the factors used to determine who is subject to a termination program, not the factors used to determine who is eligible for severance pay after termination).  "The purpose of th[is] informational requirement[ ] is to provide an employee with enough information regarding the program to allow the employee to make an informed choice whether or not to sign a waiver agreement." 29 C.F.R. § 1625.22(f)(1)(iv);  see Adams v. Moore Bus. Forms, Inc., 224 F.3d 324, 328 (4th Cir.2000).

The Release at issue was examined and approved by the Court in Mesaros v. FirstEnergy Corp., 2005 WL 2460739 (N.D Ohio 5 October 2005).  However, the Mesaros Court did not consider whether FirstEnergy had provided "eligibility factors" in writing.  In addition, another case concerning FirstEnergy's failure to provide "eligibility factors" for this RIF was held to invalidate a waiver of ADEA claims.  See Merritt v. FirstEnergy Corp., 2006 U.S. Dist. LEXIS 15089, No. 1:05-CV-00586.

10

FirstEnergy's failure to disclose this information rendered the Release ineffective as a matter of law.  See Oubre, 522 U.S. at 427-28.  Mr. Faraji, therefore, did not waive his right to pursue claims under the ADEA.

"The absence of even one of the OWBPA's requirements invalidates a waiver."  Butcher v. Gerber Prods. Co., 8 F.Supp.2d 307, 314 (S.D.N.Y.1998).  Because FirstEnergy failed to show the strict statutory requirements of § 626(f)(1)(H) of the OWBPA were met, the Court concludes Mr. Faraji's release was not knowing and voluntary.  Accordingly, the release executed by Mr. Faraji is invalid and unenforceable with respect to his age discrimination claim.

**VI. CONCLUSION**

For the reasons set forth above, this Court grants FirstEnergy's Motion for Summary Judgment on Mr. Faraji's ADA and Title VII claims, but denies the defendant's Motion on the plaintiff's ADEA claim.


IT IS SO ORDERED.

                              ____/s/Lesley Wells_____
                              UNITED STATES DISTRICT JUDGE

Dated: 7 March 2007

11